By the Court, Nelson, Ch. J.
The eighth section of the • fourth article of the constitution ordains, that sheriffs shall be chosen by the electors of the respective counties once in every three years, and as often as vacancies shall happen; that they shall hold no other office, and he ineligible for the next three years after the termination of their offices; and that the governor may remove such sheriff at any time within the three years for which he shall be elected, giving to him a copy of the charges against him, and an opportunity of being heard. (Const of N Y. Art 4, § 8.)
It is quite clear from the above ■ provision that the office of sheriff, as known to the constitution, is one to which the incumbent must be elected by the people, and which cannot he filled by an- appointment through the executive or any any other appointing power. But on the. happening of a vacancy in the office by death or otherwise, during the constitutional term, the necessity of the case requires that it should he temporarily filled by other means than an election; and those *52 means, as well as the time the temporary incumbent shall hold, must be left to the legislature. That body have accordingly provided that, when a vacancy shall occur, the under-sheriff shall execute the duties of the office until a sheriff shall be elected or appointed. In case there be no under-sheriff, the coroner may discharge the duties; and, upon his neglect or refusal, some other suitable person may be designated for that purpose. (1 R. S. 379, to 381, §§ 72 to 82.)
These several statutory provisions secure a supply of any vacancy that may occur, immediately on the happening of the event, and guard effectually against every contingency by which a county may be left temporarily destitute of an officer to discharge the duties of sheriff. They were, however, designed to meet the immediate exigency only; not to supply the vacancy until a sheriff should be elected. That is provided for in another part of the revised statutes.
By 1 R. R. 124, § 49, it is enacted that in every case where a vacancy shall occur in the office of sheriff, except where such vacancy shall arise from the death of the incumbent, the governor shall appoint some fit person who is eligible to the office, to execute the duties thereof, until it shall be supplied by an election ; and the person so appointed, after taking the oath of office and giving the requisite bond, is clothed with all the authority and subject to all the duties and obligations of the officer so removed. The governor’s power of appointment was subsequently extended to the case of a vacancy occurring by death. (iSess. L. of 1830, p. 64 § 2.) By 1R. S. 128, § 8, it is provided that all vacancies in the office of sheriff shall be supplied at the general election next succeeding the happening thereof; but when the term of service Mil expire at the end of the year during which the vacancy shall occur, no person shall be chosen to supply it, but the usual election shall be held for a new officer to hold during the constitutional term.
The power of the governor, therefore, to supply the vacancy by appointment, is confined to the interval occurring between the time the vacancy happens and the filling of the office at the next general election, which in no case can exceed the period *53 of one year, and may not exceed one month. But between the happening of the vacancy, and the supply by election, be the time longer or shorter, the power is complete and absolute. Under this power the relator received his appointment from Governor Seward to supply the vacancy occasioned by the removal of Moulton.
The power Under which the relator was removed is given expressly by 1 JR. 8. 122, § 38, as follows: “ All officers who are or shall be appointed by the governor for a certain time, or to supply a vacancy, may be removed by him.” The relator, hciving been appointed to supply the vacancy occasioned by the removal' of Moulton on the 20th December, 1842, was of course subject to removal by Governor Bouck within the very terms of the foregoing provision.
It has been argued, however, that Governor Bouck could not remove the relator, because of the want of constitutional power to fill the vacancy by appointment. We admit the vacancy cannot be constitutionally filled short of an election. But from •the necessity of the case the legislature may provide for devolving the duties of the office temporarily upon some one to be selected by the governor or otherwise; and this they have according] y done.
It was insisted also that the power of the executive to appoint is exhausted by the exercise of it in the first instance after a vacancy has occurred. This argument is drawn from the latter clause of the section conferring the power of appointment, which is as follows: “ The person so appointed &c. shall possess all the rights and powers, and be subject to all the duties and obligations of the officer so removed.” (1 R. S.124, § 49.) The counsel for the relator suppose that the above clause of the forty-ninth section conflicts with the provision in 1 R. 8. 122, § 38, and that the former, being subsequent in the order of enactment, must control. . The answer is, that no necessary conflict exists between the two provisions. The clause of the forty-ninth section relied upon was intended merely to define, in a brief .and comprehensive manner, the powers, duties and obligations of the appointee. Besides, the argument proves too much. For unless the power of removal exists under the thirty- *54 eighth section, it does not exist at all in respect to an incumbent appointed by the governor; and the tenure of the appointee, therefore, whatever objections might be found to exist against him, would he more absolute than even that of the constitutional sheriff. The statute should be very explicit and positive to justify such unreasonable, not to say absurd consequences.
A removal upon charges is confined to the officer who has been elected by the people. (Const. Art. 4, § 8; 1 R. S. 123, § 44.)
Judgment for the defendant.